MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
JUAN ATENCO, *individually and on behalf of*
*others similarly situated,*

|  |  |
|---|---|
| *Plaintiff*, | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER** |
| LA RISARALDA CORP. (D/B/A CARNICERIA LA RISARALDA), ORLANDO VALENCIA, AIDA VALENCIA, and JASMINE VENEGAS, | **29 U.S.C. § 216(b)** |
|  | **ECF Case** |
| *Defendants.* | |

-------------------------------------------------------X

Plaintiff Juan Atenco ("Plaintiff Atenco" or "Mr. Atenco"), individually and on behalf of

others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon

his knowledge and belief, and as against La Risaralda Corp. (d/b/a Carniceria La Risaralda),

("Defendant Corporation"), Orlando Valencia, Aida Valencia, and Jasmine Venegas, ("Individual

Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.      Plaintiff Atenco is a former employee of Defendants La Risaralda Corp. (d/b/a

Carniceria La Risaralda), Orlando Valencia, Aida Valencia, and Jasmine Venegas.

2.       Defendants own, operate, or control a supermarket, located at 91-04 37th Ave,

Jackson Heights, New York, 11372 under the name "Carniceria La Risaralda".

3.     Upon information and belief, individual Defendants Orlando Valencia, Aida Valencia, and Jasmine Venegas, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the supermarket as a joint or unified enterprise.

4.     Plaintiff Atenco was employed as a general assistant at the supermarket located at 91-04 37th Ave, Jackson Heights, New York, 11372.

5.     At all times relevant to this Complaint, Plaintiff Atenco worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours that he worked.

6.     Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Atenco appropriately for any hours worked over 40 in a week.

7.     Defendants' conduct extended beyond Plaintiff Atenco to all other similarly situated employees.

8.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Atenco and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

9.     Plaintiff Atenco now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

10.    Plaintiff Atenco seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

- 2 -

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Atenco's state law claims under 28 U.S.C. § 1367(a).

12.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a supermarket located in this district. Further, Plaintiff Atenco was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

13.     Plaintiff Juan Atenco ("Plaintiff Atenco" or "Mr. Atenco") is an adult individual residing in Queens County, New York.

14.     Plaintiff Atenco was employed by Defendants at Carniceria La Risaralda from approximately 2001 until on or about August 2020.

15.     Plaintiff Atenco consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Defendants*

16.     At all relevant times, Defendants owned, operated, or controlled a supermarket, located at 91-04 37th Ave, Jackson Heights, New York, 11372, under the name "Carniceria La Risaralda".

17.     Upon information and belief, La Risaralda Corp. (d/b/a Carniceria La Risaralda) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 91-04 37th Ave, Jackson Heights, New York, 11372.

18.     Defendant Orlando Valencia is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Orlando Valencia is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Orlando Valencia possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Atenco, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

19.     Defendant Aida Valencia is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Aida Valencia is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Aida Valencia possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Atenco, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

20.     Defendant Jasmine Venegas is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jasmine Venegas is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant

Jasmine Venegas possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Atenco, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

21.     Defendants operate a supermarket located in the Jackson Heights neighborhood of Queens.

22.     Individual Defendants, Orlando Valencia, Aida Valencia, and Jasmine Venegas, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

23.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

24.     Each Defendant possessed substantial control over Plaintiff Atenco's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Atenco, and all similarly situated individuals, referred to herein.

25.     Defendants jointly employed Plaintiff Atenco (and all similarly situated employees) and are Plaintiff Atenco's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

26.     In the alternative, Defendants constitute a single employer of Plaintiff Atenco and/or similarly situated individuals.

27.     Upon information and belief, Individual Defendants Orlando Valencia, Aida Valencia, and Jasmine Venegas operate Defendant Corporation as either an alter ego of themselves and/or failed to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

  a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

  b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

  c) transferring assets and debts freely as between all Defendants,

  d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

  e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

  f) intermingling assets and debts of their own with Defendant Corporation,

  g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

  h) Other actions evincing a failure to adhere to the corporate form.

28.     At all relevant times, Defendants were Plaintiff Atenco's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Atenco, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Atenco's services.

29.     In each year from 2014 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

30.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the supermarket on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

31.     Plaintiff Atenco is a former employee of Defendants who was employed as a general assistant.

32.     Plaintiff Atenco seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Juan Atenco*

33.     Plaintiff Atenco was employed by Defendants from approximately 2001 until on or about August 2020.

34.     Defendants employed Plaintiff Atenco as a general assistant.

35.     Plaintiff Atenco regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

36.     Plaintiff Atenco's work duties required neither discretion nor independent judgment.

37.     Throughout his employment with Defendants, Plaintiff Atenco regularly worked in excess of 40 hours per week.

38.     From approximately October 2014 until on or about February 2020, Plaintiff Atenco worked from approximately 8:00 a.m. until on or about 6:00 p.m., Tuesdays through Sundays (typically 60 hours per week).

39.     From approximately March 2020 until on or about June 2020, Plaintiff Atenco worked from approximately 7:30 a.m. until on or about 5:00 p.m., Tuesdays through Sundays (typically 57 hours per week).

40.     From approximately July 2020 until on or about August 2020, Plaintiff Atenco worked from approximately 8:00 a.m. until on or about 6:00 p.m., Tuesdays through Sundays (typically 60 hours per week).

41.     Throughout his employment, Defendants paid Plaintiff Atenco his wages in cash.

42.     From approximately October 2014 until on or about December 2017, Defendants paid Plaintiff Atenco a fixed salary of $820 per week.

43.     From approximately January 2018 until on or about August 2020, Defendants paid Plaintiff Atenco $15.00 per hour or $900 per week.

44.     Plaintiff Atenco was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

45.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Atenco regarding overtime and wages under the FLSA and NYLL.

46.     Defendants did not provide Plaintiff Atenco an accurate statement of wages, as required by NYLL 195(3).

47.     Defendants did not give any notice to Plaintiff Atenco, in English and in Spanish (Plaintiff Atenco's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

48.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Atenco (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate overtime compensation as required by federal and state laws.

49.     Plaintiff Atenco was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

50.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

51.     Defendants paid Plaintiff Atenco his wages in cash.

52.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

53.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Atenco (and similarly situated individuals) worked, and to avoid paying Plaintiff Atenco properly for his full hours worked.

54.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

55.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Atenco and other similarly situated former workers.

56.     Defendants failed to provide Plaintiff Atenco and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that

payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

57.     Defendants failed to provide Plaintiff Atenco and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

58.      Plaintiff Atenco brings his FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

59.     At all relevant times, Plaintiff Atenco and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and

one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records under the FLSA.

60.     The claims of Plaintiff Atenco stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

61.     Plaintiff Atenco repeats and realleges all paragraphs above as though fully set forth herein.

62.     At all times relevant to this action, Defendants were Plaintiff Atenco's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Atenco (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

63.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

64.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

65.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Atenco (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

66.     Defendants' failure to pay Plaintiff Atenco (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

67.     Plaintiff Atenco (and the FLSA Class members)were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

68.      Plaintiff Atenco repeats and realleges all paragraphs above as though fully set forth herein.

69.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Atenco overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

70.     Defendants' failure to pay Plaintiff Atenco overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

71.     Plaintiff Atenco was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

72.      Plaintiff Atenco repeats and realleges all paragraphs above as though fully set forth herein.

73.     Defendants failed to provide Plaintiff Atenco with a written notice, in English and in Spanish (Plaintiff Atenco's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay

day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

74.     Defendants are liable to Plaintiff Atenco in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

75.      Plaintiff Atenco repeats and realleges all paragraphs above as though fully set forth herein.

76.      With each payment of wages, Defendants failed to provide Plaintiff Atenco with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

77.      Defendants are liable to Plaintiff Atenco in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Atenco respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Atenco and the FLSA Class members;

(c)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Atenco's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Atenco and the FLSA Class members;

(e)     Awarding Plaintiff Atenco and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)     Awarding Plaintiff Atenco and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Atenco;

(h)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Atenco's compensation, hours, wages and any deductions or credits taken against wages;

(i)     Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Atenco;

(j)     Awarding Plaintiff Atenco damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages as applicable

(k)     Awarding Plaintiff Atenco damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l)     Awarding Plaintiff Atenco liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(m)    Awarding Plaintiff Atenco and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(n)     Awarding Plaintiff Atenco and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(o)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(p)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Atenco demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

October 7, 2020

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: _____/s/ Michael Faillace_____
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

September 17, 2020

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:              Juan Atenco

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:               17 de septiembre  de 2020

*Certified as a minority-owned business in the State of New York*